Nos. 15-3751, 15-3799, 15-3817, 15-3820, 15-3822,
15-3823, 15-3831, 15-3837, 15-3839, 15-3850, 15-3853

*In the*

# United States Court of Appeals
*for the*
# Sixth Circuit

───────────────────────────────

IN RE: ENVIRONMENTAL PROTECTION AGENCY
AND DEPARTMENT OF DEFENSE,
FINAL RULE: CLEAN WATER RULE:
DEFINITION OF "WATERS OF THE UNITED STATES,"
80 Fed. Reg. 37,054, Published on June 29, 2015
(MCP No. 135)

───────────────────────────────

On Petitions for Review of a Final Rule
of the U.S. Environmental Protection Agency and the
United States Army Corps of Engineers

───────────────────────────────

**UNOPPOSED MOTION OF THE NATIONAL
ASSOCIATION OF MANUFACTURERS FOR LEAVE
TO INTERVENE AS A RESPONDENT**

───────────────────────────────

TIMOTHY S. BISHOP
MICHAEL B. KIMBERLY
E. BRANTLEY WEBB
  *Mayer Brown LLP*
  *1999 K Street NW*
  *Washington, DC 20006*
  *tbishop@mayerbrown.com*
  *(202) 263-3000*

LINDA E. KELLY
QUENTIN RIEGEL
  *Manufacturers' Center*
  *for Legal Action*
  *733 10th Street NW, Suite 700*
  *Washington, DC 20001*
  *(202) 637-3000*

*Counsel for the National Association of Manufacturers*

## MOTION FOR LEAVE TO INTERVENE AS A RESPONDENT

Pursuant to Federal Rules of Appellate Procedure 15(d) and 27(a), the National Association of Manufacturers (the NAM) respectfully requests leave to intervene as a respondent in these consolidated petitions for review. The petitions challenge a major Clean Water Act regulation promulgated by the Environmental Protection Agency and the U.S. Corps of Engineers. *See* 80 Fed. Reg. 37,054, (June 29, 2015). The regulation is fundamental to the Clean Water Act, purporting to define, in one fell swoop, the agencies' jurisdiction to regulate water throughout the Nation.

A threshold question presented by the petitions is whether this Court has original jurisdiction to entertain them in the first place—or if, instead, review of the final rule must be had in the district courts under the Administrative Procedure Act. The NAM firmly believes that review is proper only in the district courts and, to that end, has filed a complaint challenging the rule in the Southern District of Texas. The outcome of this litigation will have direct bearing on the outcome of that lawsuit. At the same time, the NAM cannot rely on the government to protect the NAM's interests. To the contrary, in a related lawsuit filed in the Southern District of Georgia, the government has indicated not only that it will not challenge jurisdiction here, but that it will affirmatively *support* it. There

is therefore no doubt that each of the requirements for intervention is satisfied. The motion accordingly should be granted.

## BACKGROUND

The consolidated petitions for review challenge the legality of the final administrative rule titled "Clean Water Rule: Definition of 'Waters of the United States'" (the Rule), promulgated by EPA and the Corps of Engineers on June 29, 2015. *See* 80 Fed. Reg. 37,054. With limited exceptions, the Clean Water Act (CWA) prohibits "discharg[ing] . . . any pollutant" (33 U.S.C. § 1311(a)) without a permit for discharges covered by the National Pollution Discharge Elimination System or a Section 404 permit for discharges of dredged or fill material. The CWA defines the term "discharge of a pollutant" as the "addition of any pollutant to navigable waters from any point source." *Id*. § 1362(12)(A) (emphasis added). "Navigable waters," in turn, is defined to mean "the waters of the United States, including the territorial seas." *Id*. § 1362(7). The Rule purports to "clarif[y]" the Agencies' definition of "waters of the United States" within the meaning of 33 U.S.C. § 1362(7)—that is, it purports to define the scope of the Agencies' jurisdiction over waters. 80 Fed. Reg. 37,054.

The NAM was an active participant in the rulemaking process; it submitted comments on the proposed rule both individually and as part of

a broader coalition. *See Comments of the National Association of Manufacturers on Docket ID No. EPA-HQ-OW-2011-0880 Proposed Rule—Clean Water Act; Definitions: Waters of the United States*, Dkt. No. EPA-HQ-OW-2011-0880 (Nov. 14, 2014); *Comments of the Waters Advocacy Coalition on the Envt'l Protection Agency's and U.S. Army Corps of Engineers' Proposed Rule to Define "Waters of the United States" Under the Clean Water Act*, Dkt. No. EPA-HQ-OW-2011-0880 (Nov. 13, 2014) (corrected Nov. 14, 2014).

After the final rule was published, the NAM and a coalition of other industry groups filed suit under the Administrative Procedure Act (APA) in the Southern District of Texas. *See* Compl., *American Farm Bureau Federation, et al. v. EPA, et al.*, No. 3:15-cv-165 (S.D. Tex. July 2, 2015) (attached as Exhibit A). The NAM and its fellow plaintiffs argue in that lawsuit that jurisdiction is proper in the district court under 28 U.S.C. § 1331 and 5 U.S.C. § 702 (*id.* ¶¶ 6-9); and, on the merits, that the Rule bears no connection to the statutory text, exceeds the government's authority under the Commerce Clause, violates the individual rights protected by the Due Process Clause, imposes impossible burdens on land users, and was promulgated in violation of numerous procedural rules and safeguards (*id.* ¶ 75).

At the same time, the NAM's co-plaintiffs filed a protective petition for review in the U.S. Court of Appeals for the Fifth Circuit under CWA § 509(b) (33 U.S.C. § 1369(b)). *See American Farm Bureau Federation, et al. v. EPA, et al.*, No. 15-60510 (5th Cir.). Section 509(b) confers exclusive original jurisdiction on the courts of appeals to review certain agency actions under the Clean Water Act. Neither the NAM nor its co-plaintiffs believe that jurisdiction to review the validity of the Rule lies in the courts of appeals under that provision; instead, they are firmly of the view that review is proper in the district court under 28 U.S.C. § 1331 and the APA. The NAM's co-plaintiffs nevertheless filed a petition in the Fifth Circuit because "[c]areful lawyers must apply for judicial review [in the court of appeals] of anything even remotely resembling" an action reviewable under Section 509(b)(1), even when they believe that jurisdiction properly lies elsewhere. *Am. Paper Inst. v. EPA*, 882 F.2d 287, 288 (7th Cir. 1989).[1]

The NAM did not join the petition for review. It elected, instead, to file this motion to intervene as a respondent to assure its standing to move to dismiss the petitions for review for lack of jurisdiction. For its part, the government has indicated that it will argue that jurisdiction is *proper* in

---

[1] After various petitions challenging the Rule were transferred to this Court by the United States Judicial Panel on Multidistrict Litigation (No. 135), the NAM's co-plaintiffs voluntarily dismissed their Fifth Circuit petition and filed a petition before this Court (No. 15-3850). The NAM did not join the petition.

4

this court. And other petitioners have been forced for protective reasons to file petitions, even though they do not believe this Court has jurisdiction over their challenge to the Rule. The NAM's participation as an intervenor in this case is therefore essential to the proper adversarial presentation of the threshold jurisdictional question presented by the petitions for review.

## REASONS FOR GRANTING THE MOTION

Federal Rule of Appellate Procedure 15(d) provides for intervention in cases, like this one, that challenge administrative rulemaking. Because "Rule 15(d) does not provide standards for intervention," the courts of appeals generally "have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24" to determine when intervention is appropriate. *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-518 (7th Cir. 2004) (citing *Automobile Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965) (the "policies underlying intervention" in the district courts under Civil Rule 24 are "applicable in appellate courts")).

Civil Rule 24 provides for intervention as of right and permissively. "This court has interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4)

inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO* v. *Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry.* v. *Tracy*, 6 F.3d 389, 395 (6th Cir.1993)). The standard for satisfying those requirements is low, as "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

When intervention is unavailable as of right, a court may grant permissive intervention, so long as "the motion for intervention is timely, there is at least one common question of law or fact, and the balancing of undue delay, prejudice to the original parties, and any other relevant factors favor[] intervention." *Coal. to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 377 (E.D. Mich. 2006) (citing *Michigan State AFL-CIO*, 103 F.3d at 1248).

Under either standard, NAM's motion should be granted.

### A.   The NAM is entitled to intervene as of right

The NAM easily meets all four requirements for intervention as of right under Appellate Rule 15(d) and Civil Rule 24(a). This Court routinely allows third parties to intervene to challenge or defend final agency actions under the Clean Water Act and Clean Air Act. *See, e.g., Sierra Club v. EPA,* 557 F.3d 401 (6th Cir. 2009); *Nat'l Cotton Council of Am. v.*

*EPA*, 553 F.3d 927 (6th Cir. 2009); *Wall v. EPA*, 265 F.3d 426 (6th Cir. 2001); *Lake Cumberland Trust, Inc. v. EPA*, 954 F.2d 1218 (6th Cir. 1992); *Air Pollution Control Dist. of Jefferson Cnty. v. EPA*, 739 F.2d 1071 (6th Cir. 1984); *Ohio Power Co. v. EPA*, 729 F.2d 1096 (6th Cir. 1984). Because all of the elements for intervention as of right are satisfied here, it should do so in this case as well.

    **1. Timeliness.** The motion is timely. A Rule 15(d) motion for intervention is timely if it is filed within thirty days of the filing of the petition for review. The petitions for review consolidated in these proceedings were filed between July 13 and July 23, 2015. This motion is filed within thirty days of the earliest-filed petition.

    **2. Legal interest.** The NAM has a "substantial legal interest in the case." *Michigan State AFL-CIO*, 103 F.3d at 1245. "This circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Id.* (citing *Purnell*, 925 F.2d at 948; *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987)). Thus an asserted "interest" in a case "is to be construed liberally." *Id.* (quoting *Bradley*, 828 F.2d at 1192). As a general matter, "[a]n applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected

7

interest and the plaintiff's claims." *In re Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008).

Those standards are readily met here. To begin with, the NAM, in its district court complaint, argues that its legal rights and those of its members have been violated by the Rule. *See* Exhibit A ¶ 74. Those asserted rights have a self-evident relationship with the petitions for review, which challenge the same final agency action on the same or similar grounds.

More fundamentally, the NAM participated in the rulemaking that culminated in the Rule, it was active in the process leading to the filing of the petitions for review, and it is a plaintiff in related district court litigation. This Court previously has explained that, when an "intervening public interest group [is] involved in a separate suit in a matter related to the issues in controversy," was "'active in the process' leading to the litigation," and participated "in the administrative process leading to the governmental action," the group has a direct and substantial interest in the litigation. *Michigan State AFL-CIO,* 103 F.3d at 1245-1246. The describes the NAM's interest in the petitions for review here precisely.

**3. Impairment of interests.** Disposition of the petitions for review may also impair or impede the NAM's ability to protect its interests. The burden of demonstrating "that impairment of [an applicant's] substantial

8

legal interest is possible if intervention is denied . . . is minimal." *Michigan State AFL-CIO*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948).

That burden, again, is readily satisfied. The NAM is intervening here to challenge this Court's jurisdiction to entertain the petitions for review under CWA § 509(b). If this Court were to reject the NAM's arguments and find that is has jurisdiction over the petitions for review, the district courts would lack jurisdiction over the pending APA challenges. That would have immediate and obvious implications for the NAM's district court lawsuit.

Accordingly, the rule challenge here may be the NAM's only chance to present its arguments against Section 509(b) jurisdiction (and, if this Court were to assert jurisdiction, to challenge the rule on the merits). Unless it is allowed to intervene to raise the jurisdictional argument, the NAM may be deprived of any opportunity to protect its interests.

**4. Inadequate representation.** Neither EPA nor the petitioners can adequately represent the NAM's interests. The burden of showing inadequacy of representation "'is minimal because it is sufficient that the movant prove that representation *may* be inadequate.'" *Michigan State AFL-CIO*, 103 F.3d at 1247 (brackets omitted, emphasis added) (quoting *Linton v. Commissioner of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992)). On this score, it is "enough to show that the existing party who purports to seek the same outcome will not make all of the prospective

9

intervenor's arguments. *Id.* (citing *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498-1499 (9th Cir. 1995)). That is the case here.

As we have explained, the NAM's primary interest in intervening is to argue that this Court lacks Section 509(b) jurisdiction to entertain these petitions for review. The government has already made clear that it believes "that exclusive jurisdiction to hear challenges to the Final Rule lies in the circuit courts of appeals under Section 509(b)(1)(E) or (F)." *See* Opp. to Mot. for Prelim. Injunction (Dkt. 50) at 6, *Georgia v. McCarthy*, No. 2:15-cv-79 (S.D. Ga. July 31, 2015). That position is consistent with the government's stance in other cases, including in *Friends of the Everglades v. EPA*, 699 F.3d 1280 (11th Cir. 2012), in which it unsuccessfully argued that the Eleventh Circuit had Section 509(b) jurisdiction to review EPA's so-called Water Transfers Rule.

Accordingly, the NAM anticipates that the government will not oppose this Court's jurisdiction. In fact, the NAM anticipates the government will affirmatively argue in favor of this Court's jurisdiction. The NAM's interest in seeing the petitions dismissed for lack of jurisdiction therefore will not be protected by the government.

It is no answer to say that the NAM's interests will be protected by the petitioners (most of whom are also plaintiffs in pending district court

cases). Although many of the petitioners also believe that this Court lacks jurisdiction under Section 509(b), they have been forced—in order to preserve their ability to challenge the rule on the merits in the event that this Court does assert jurisdiction under Section 509(b)—to file protective petitions for review. The petitioners arguably cannot move to dismiss their own petitions for lack of jurisdiction. A voluntary dismissal does not call for a substantive decision by this Court and therefore cannot resolve the Court's jurisdiction. *See* Fed. R. App. 42 (permitting voluntary dismissals "on terms agreed to by the parties or fixed by the court"). Only by intervening as a respondent can the NAM assure that it unquestionably has standing to move to dismiss for lack of Section 509(b) jurisdiction.

The NAM's interest in opposing jurisdiction before this Court under Section 509(b) therefore will not be adequately protected unless it is allowed to intervene. The NAM is accordingly entitled to intervene as of right.

### B.   Alternatively, the NAM should be allowed to intervene permissively

Because the NAM is entitled to intervene as of right, the Court need not reach the issue of permissive intervention. But if the Court believes otherwise, it should grant discretionary leave to intervene under Civil Rule 24(b). That rule provides that a court may allow a party to intervene

if it merely "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). *See also Michigan State AFL-CIO*, 103 F.3d at 1248. That is not an exacting standard, and the NAM has met it for the same reasons that we submit make intervention proper as of right. *See McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970) (permissive intervention should be granted "where no one would be hurt and greater justice would be attained").

## CONCLUSION

The motion to intervene should be granted.[2]

Dated: August 11, 2015

Respectfully submitted,

/s/ *Quentin Riegel*

LINDA E. KELLY
QUENTIN RIEGEL
   *Manufacturers' Center*
    *for Legal Action*
   733 10th Street NW, Suite 700
   Washington, DC 20001
   (202) 637-3000

TIMOTHY S. BISHOP
MICHAEL B. KIMBERLY
E. BRANTLEY WEBB
   *Mayer Brown LLP*
   *1999 K Street NW*
   *Washington, DC 20006*
   *tbishop@mayerbrown.com*
   *(202) 263-3000*

---

[2] Counsel for the NAM has informed counsel for the government and the petitioners in each consolidated case of its intent to file this motion to intervene. None stated that it opposes the motion.

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing motion with the Clerk of the Court using the appellate CM/ECF system on August 11, 2015. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

<u>/s/ *Quentin Riegel*</u>
Quentin Riegel