**Nos. 15-3751, 15-3799, 15-3822, 15-3823, 15-3831, 15-3850,
15-3853, and 15-3858**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

IN RE: ENVIRONMENTAL PROTECTION AGENCY AND
DEPARTMENT OF DEFENSE, FINAL RULE: CLEAN WATER RULE:
DEFINITION OF "WATERS OF THE UNITED STATES," 80 Fed. Reg.
37,054, Published on June 29, 2015 (MCP No. 135)

On Petitions for Review of a Final Rule of the U.S. Environmental
Protection Agency and the U.S. Army Corps of Engineers

**MOTION OF WATERKEEPER ALLIANCE, CENTER FOR
BIOLOGICAL DIVERSITY, CENTER FOR FOOD SAFETY,
HUMBOLDT BAYKEEPER, RUSSIAN RIVERKEEPER,
MONTEREY COASTKEEPER, SNAKE RIVER WATERKEEPER,
INC., UPPER MISSOURI WATERKEEPER, INC., AND TURTLE
ISLAND RESTORATION NETWORK, INC. FOR LEAVE TO
INTERVENE AS RESPONDENTS**

James N. Saul, Esq.
EARTHRISE LAW CENTER
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219
Ph: (503) 768-6929
Fax: (503) 768-6642
jsaul@lclark.edu

*Counsel for Proposed Intervenors*

## MOTION FOR LEAVE TO INTERVENE AS RESPONDENTS

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 15(d) and 27(a), Waterkeeper Alliance, the Center for Biological Diversity, the Center for Food Safety, Humboldt Baykeeper, Monterey Coastkeeper, Russian Riverkeeper, Snake River Waterkeeper, Upper Missouri Waterkeeper, and Turtle Island Restoration Network (collectively, "Proposed Intervenors") respectfully request leave to intervene as respondents in the consolidated petitions for review filed by various States and industry groups. The consolidated petitions challenge a regulation promulgated by the Environmental Protection Agency and the U.S. Army Corps of Engineers (collectively, the "Agencies"), which purports to define the term "waters of the United States" under the Clean Water Act. *See* 80 Fed. Reg. 37,054 (June 29, 2015) (hereinafter "Final Rule").

Although Proposed Intervenors have themselves petitioned for review of the Final Rule,[1] Proposed Intervenors believe that some

---

[1] Proposed Intervenors are the petitioners in *Waterkeeper Alliance, et al. v. Environmental Protection Agency, et al.*, No. 15-3837, which is among those cases consolidated in this Court under the caption IN RE: ENVIRONMENTAL PROTECTION AGENCY AND DEPARTMENT OF DEFENSE, FINAL RULE: CLEAN WATER RULE: DEFINITION

aspects of the Rule are both beneficial to their interests and legally defensible. Proposed Intervenors therefore seek to defend these aspects of the Final Rule by intervening in support of the Agencies in certain of the consolidated cases.

Specifically, Proposed Intervenors seek leave to intervene as respondents in the following eight cases:

| | |
|---|---|
| No. 15-3751: | *Murray Energy Corp. v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3799: | *Ohio, et al. v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3822: | *Oklahoma v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3823: | *Chamber of Commerce of the United States of America, et al. v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3831: | *North Dakota, et al. v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3850: | *American Farm Bureau Federation, et al. v. U.S. Environmental Protection Agency, et al.* |
| No. 15-3853: | *Texas, et al. v. U.S. Environmental Protection Agency, et al.* |

---

OF "WATERS OF THE UNITED STATES," 80 Fed. Reg. 37,054, Published on June 29, 2015 (MCP No. 135).

No. 15-3858:   *Utility Water Act Group. v. U.S. Environmental Protection Agency, et al.*

Because Proposed Intervenors have a substantial interest in these consolidated cases and, as discussed below, because they satisfy the requirements for both intervention as of right and permissive intervention, the motion to intervene should be granted.

**STATEMENT OF INTERESTS OF PROPOSED INTERVENORS**

Proposed Intervenors are non-profit environmental organizations that have a deep and long-standing interest in protecting the waters of the United States from pollution and other forms of degradation or destruction. Proposed Intervenors' members use and enjoy many waters of the United States, including waters that will be left unprotected under the Clean Water Act if the State and industry petitioners prevail in their various challenges to the Final Rule. These members use innumerable streams, wetlands and other unique aquatic ecosystems for a broad range of aesthetic, recreational, and other purposes, and their interests—and the interests of Proposed Intervenors themselves—will be adversely affected by the challenges to the Final Rule brought by State and industry petitioners.

Proposed intervenor Waterkeeper Alliance, Inc. ("Waterkeeper") is a global movement uniting more than 225 Waterkeeper Organizations around the world and focusing citizen advocacy on the issues that affect our waterways, from pollution to climate change. Waterkeeper is a steadfast and powerful voice for swimmable, fishable, and drinkable waters in 136 watersheds across the nation. The Clean Water Act is the bedrock of Waterkeeper's work to protect rivers, streams, lakes, wetlands, bays, and channels for the benefit of their communities. In many ways, Waterkeeper and its thousands of members nationwide depend on the Clean Water Act to protect waterways, and the people who depend on clean water for drinking water, recreation, fishing, economic growth, food production, and all of the other water uses that sustain our way of life, health, and well being.

Proposed intervenor Center for Biological Diversity (the "Center") is a national nonprofit organization dedicated to the preservation, protection, and restoration of biodiversity, native species, and ecosystems. The Center was founded in 1989 and is based in Tucson, Arizona, with offices throughout the country. The Center works through science, law, and policy to secure a future for all species, great or small,

hovering on the brink of extinction. The Center is actively involved in species and habitat protection issues and has more than 50,000 members throughout the United States and the world. The Center has advocated for species protection and recovery, as well as habitat protection, for species existing throughout the United States, including water-dependent species.

Proposed intervenor Center for Food Safety ("CFS") is a national non-profit public interest and environmental advocacy organization working to protect human health and the environment by curbing the use of harmful food production technologies and by promoting organic and other forms of sustainable agriculture. CFS uses legal actions, groundbreaking scientific and policy reports, books, and other educational materials, market pressure, and grass roots campaigns. CFS has over 700,000 members throughout the United States.

Proposed intervenor Humboldt Baykeeper is a California non-profit public interest and environmental advocacy organization committed to safeguarding the coastal resources of Humboldt Bay, California, for the health, enjoyment, and economic strength of the Humboldt Bay community. Humboldt Baykeeper uses community

education, scientific research, water-quality monitoring, pollution control, and enforcement of laws to protect and enhance Humboldt Bay and near-shore waters of the Pacific Ocean.

Proposed intervenor Russian Riverkeeper is a California non-profit public interest and environmental advocacy organization committed to the conservation and protection of the Russian River, its tributaries, and the broader watershed through education, citizen action, scientific research, and expert advocacy. Russian Riverkeeper has hundreds of members who live or recreate within the Russian River watershed and who use and enjoy its waters.

Proposed Intervenor Monterey Coastkeeper is a California non-profit public interest and environmental advocacy organization committed to the protection and restoration of the central California coast. Monterey Coastkeeper has hundreds of members who use and enjoy the coastal waters of Central California and the streams, rivers, and wetlands that feed them.

Proposed Intervenor Snake River Waterkeeper, Inc. is an Idaho non-profit public interest and environmental advocacy organization committed to protecting water quality and fish habitat in the Snake

River and surrounding watershed. Snake River Waterkeeper uses water-quality monitoring, investigation of citizen concerns, and advocacy for enforcement of environmental laws. Snake River Waterkeeper has hundreds of members who live, explore, or recreate in the Snake River watershed.

Proposed Intervenor Upper Missouri Waterkeeper, Inc. is a Montana non-profit public interest and environmental advocacy organization committed to protecting and improving ecological and community health throughout Montana's Upper Missouri River Basin. Upper Missouri Waterkeeper uses a combination of strong science, community action, and legal expertise to defend the Upper Missouri River, its tributaries, and communities against threats to clean water and healthy rivers. Upper Missouri Waterkeeper has hundreds of members to use and enjoy the Upper Missouri River and its tributaries for recreation and other purposes.

Proposed Intervenor Turtle Island Restoration Network, Inc. is a national non-profit public interest and environmental advocacy organization committed to the protection of the world's oceans and marine wildlife. Turtle Island Restoration Network works with people

and communities to accomplish its mission, using grassroots empowerment, consumer action, strategic litigation, hands-on restoration, and environmental education. Turtle Island Restoration Network has hundreds of members nationwide who use the nation's surface waters and wetlands for aesthetic, recreational, or other purposes.

Though Proposed Intervenors have petitioned for review of the Final Rule, they also support some aspects of the Final Rule and seek an opportunity to defend those portions that will protect water quality and advance the interests of their members. In complaints filed in district courts across the country, various the industry groups and States have indicated they seek to have the Final Rule vacated in its entirety.[2] Among other things, industry and state petitioners have claimed the Final Rule violates the Commerce Clause, Due Process

---

[2] There remains a significant dispute over whether jurisdiction to review the Final Rule lies with the federal courts of appeals under the Clean Water Act's judicial review provision, 33 U.S.C. § 1369(b), or with the district courts. Thus, a majority of petitioners in these consolidated cases have also filed complaints in various district courts. The United States has now moved to consolidate these district court cases and transfer them to the District of Columbia. *See In re: Clean Water Rule: Definition of "Waters of the United States"*, J.P.M.L. Case MDL No. 2663 (filed July 27, 2015).

9

Clause, and Tenth Amendment of the United States Constitution. Proposed Intervenors have a significant interest in responding to these arguments and supporting beneficial aspects of the Final Rule. For these reasons, Proposed Intervenors respectfully move this Court to allow them to intervene in this case as respondents.

## GROUNDS FOR INTERVENTION

Although Federal Rule of Appellate Procedure 15(d) does not set forth specific criteria for intervention, the Supreme Court has held that the criteria and policies underlying Federal Rule of Civil Procedure 24 provide guidance. *Int'l Union, UAW, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965); *see also Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517–18 (7th Cir. 2004) ("Rule 15(d) does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24."). In general, "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Rule 24 provides for intervention as of right, as well as permissive intervention. Rule 24(a) (intervention of right) provides that "[o]n

timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This Court has interpreted Rule 24(a) to establish four elements that must be satisfied before intervention as of right will be granted:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

Rule 24(b) (permissive intervention) establishes an even lower threshold, allowing for intervention when the applicant "has a claim or defense that shares with the main action a common question of law or fact." This requires the intervenor to "establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If these two requirements are satisfied, the Court "must then balance undue delay and prejudice to the original parties, if any, and any other

relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Here, Proposed Intervenors are entitled to intervention as of right. Alternatively, this Court should exercise its discretion to allow Intervenors to intervene permissively.

## I. Proposed Intervenors Satisfy the Elements for Intervention as of Right.

Proposed Intervenors easily satisfy the four requirements for intervention as of right. First, the motion to intervene is timely for all cases in which Proposed Intervenors seek intervention except for No. 15-3751.[3] Under Rule 15(d), a motion for intervention must be filed within thirty days of the petition for review. The petitions for review consolidated in these proceedings were filed between July 13 and July 23, 2015. This motion is filed within thirty days of each original petition for review (except for No. 15-3751), and is thus timely.

---

[3] In the accompanying Motion for Extension of Time, Proposed Intervenors move the Court for a one-day extension to file their intervention motion with respect to No. 15-3751. The intervention motion is timely with respect to the seven other cases in which Proposed Intervenors seek to intervene, and no extension of time is needed for them.

Second, Proposed Intervenors have a "substantial legal interest in the case." *Michigan State AFL-CIO*, 103 F.3d at 1245. "This Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right," *id.* and "has acknowledged that 'interest' is to be construed liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). Here, Proposed Intervenors are environmental non-profit organizations that have worked for many years to prevent water pollution and protect water quality in the waters of the United States. A substantial number of Proposed Intervenors' members use and enjoy these waters, including unique aquatic ecosystems whose health and water quality will be adversely affected by the challenges to the Final Rule brought by various industry and State petitioners in this litigation. Though Proposed Intervenors have already petitioned for review of the Final Rule in a case currently consolidated before this Court (a fact that, alone, demonstrates Proposed Intervenors' substantial interest in this case), Proposed Intervenors also seek to protect their ability to defend certain beneficial aspects of the Final Rule against challenges brought by other petitioners.

Third, Proposed Intervenors' interests will be impaired absent the ability to protect their interests by defending aspects of the Final Rule. "To satisfy this element of the intervention test, a would-be intervenor must only show that impairment of its substantial legal interest is possible if intervention is denied." *Michigan State AFL-CIO*, 103 F.3d at 1247. "This burden is minimal." *Id.* As noted above, Proposed Intervenors intend to defend some aspects of the Final Rule against challenges brought by various industry and State petitioners, including claims that the Rule should be vacated in its entirety. Unless provided an opportunity to respond to these challenges in this Court, Intervenors will be deprived of an opportunity to protect their interests in preserving certain positive aspects of the Final Rule. Moreover, Proposed Intervenors interests in the beneficial aspects of the Final Rule will be impaired if, for example, the Agencies settle the claims brought by the State and industry petitioners in a manner that results in vacatur or non-enforcement of those beneficial provisions in the Final Rule, or if the Agencies focus their defensive litigation efforts on challenges to parts of the Final Rule *other than* the provisions that Proposed Intervenors most wish to defend.

Finally, Proposed Intervenors' interests are not adequately represented by Respondents. The burden of showing inadequate representation is "minimal," and "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.* If one group of citizens sues the government challenging the validity of regulations, citizens who benefit from those regulations may intervene when the government is a party since the citizen group will be asserting their own interest and not the interest of the general public. *See 6 Moore's Federal Practice § 24.03[4][a][iv][A] (Matthew Bender 3d ed.).*

Here, it is not only possible, but likely, that Respondents will not make all of Proposed Intervenors' arguments in support of the Final Rule. Indeed, the fact that Proposed Intervenors seek to preserve some aspects of the Final Rule while challenging others, whereas Respondents must defend the Rule in its entirety, demonstrates that Respondents cannot possibly adequately represent Proposed Intervenors' interests—especially in a case as complex as this. For example, in public comments found in the rulemaking record, the State of Texas (petitioner in No. 15-3853) has indicated that it may challenge

parts of the rule that affect farmed wetlands, while Murray Energy Company (petitioner in No. 15-3751) takes issue with portions of the rule that affect headwaters streams.[4] Given the myriad challenges to the Final Rule and the legal complexities presented in the consolidated cases, there is no guarantee that the Agencies will devote any attention to these important portions of the Final Rule, much less mount a vigorous defense of them.

In sum, Proposed Intervenors' will be unable to adequately protect their interests unless they are allowed to intervene as a Respondent in this case. Accordingly, this Court should grant Intervenors' motion to intervene as of right.

## II. Alternatively, Proposed Intervenors Should Be Granted Permissive Intervention.

Even if this Court determines that Proposed Intervenors are not entitled to intervene as of right, this Court should exercise its discretion to allow Proposed Intervenors to intervene permissively. Rule 24(b)

---

[4] *See* Comments from Todd Staples, Commissioner, Texas Department of Agriculture (Nov. 7, 2014); Comments from Gary M. Broadbent, Assistant General Counsel, Murray Energy Corporation (Nov. 13, 2014), both of which were submitted to the Agencies' rulemaking docket (Docket No. EPA-HQ-OW-2011-0880) and are available at http://www.regulations.gov/#!docketDetail;D=EPA-HQ-OW-2011-0880.

provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." As discussed above, Proposed Intervenors intend to defend certain aspects of the Final Rule against challenges brought by State or industry representatives. For example, some Petitioners have filed complaints in district courts across the country challenging the Final Rule under the Commerce Clause, Due Process Clause, and Tenth Amendment. Intervenors believe the Final Rule is well within the scope of EPA's constitutional authority and, thus, intend to assert a defense that "shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1)(B).

Further, other considerations support allowing permissive intervention in this case. Because Proposed Intervenors' motion is timely, allowing intervention will not cause undue delay. *See Bradley*, 828 F.2d at 1193–94. Nor will Proposed Intervenors' participation as a respondent in this case cause prejudice to the original parties—nor could it, since Proposed Intervenors are themselves original parties in one of the consolidated petitions, which will be heard together. Rather, Proposed Intervenors merely seek to protect their interests and the

interests of their members by defending certain aspects of the Final Rule.

In sum, even if this Court determines that Proposed Intervenors are not entitled to intervention as of right, permissive intervention should be granted in this case.

## CONCLUSION

For the reasons stated above, the Court should grant Proposed Intervenors' motion to intervene.

Respectfully submitted this 14th day of August, 2015.

s/ James N. Saul

James N. Saul, Esq.
EARTHRISE LAW CENTER
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219
Ph: (503) 768-6929
Fax: (503) 768-6642
jsaul@lclark.edu

*Counsel for Waterkeeper Alliance, Inc., Center for Biological Diversity, Center for Food Safety, Humboldt Baykeeper,*

*Russian Riverkeeper, Monterey Coastkeeper, Snake River Waterkeeper, Inc., Upper Missouri Waterkeeper, Inc., and Turtle Island Restoration Network*, Inc.

**CERTIFICATE OF SERVICE**

I certify that that all counsel representing the parties in this case are registered CM/ECF users, and that on August 14, 2015, I electronically filed and caused the foregoing Motion to Intervene to be served on registered counsel through the Court's CM/ECF system.

                                        s/ James N. Saul

                                        James N. Saul, Esq.
                                        EARTHRISE LAW CENTER
                                        Lewis & Clark Law School
                                        10015 SW Terwilliger Blvd.
                                        Portland, OR 97219
                                        Ph: (503) 768-6929
                                        Fax: (503) 768-6642
                                        jsaul@lclark.edu